IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Wesley Stuart Brown,                       )        C/A No. 8:26-1737-JDA-PJG
                                           )
                    Plaintiff,             )
                                           )                **ORDER**
        v.                                 )                 **AND**
                                           )    **REPORT AND RECOMMENDATION**
Alison D. Hood; Ness & Jet, LLC,           )
                                           )
                    Defendants.            )
                                           )

The plaintiff, Wesley Stuart Brown, a self-represented state prisoner, brings this civil rights

action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b)

and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915.  Having

reviewed the Complaint in accordance with the applicable law, the court recommends that it be

summarily dismissed without prejudice and without issuance and service of process.[1]

I.      **Procedural Background**

Plaintiff brings this action against an attorney and law firm that represented an opposing

party in a state civil proceeding.  In that proceeding, the state court granted Plaintiff's counsel's

motion to be relieved and entered an order continuing the matter so that Plaintiff could retain new

counsel.  Plaintiff alleges that the defendants violated the court's order and negotiated a settlement

with the attorney who was to be relieved.  He claims that he never agreed to the settlement, the

defendants sent the funds and filed the release six hundred days after the case was dismissed, the

---

[1] Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and financial certificate, which are construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1), (2).  A review of the motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* is granted.  (ECF No. 3.)

defendants did not submit a written stipulation of settlement, and the defendants did not go through the mandatory ADR process. He seeks monetary damages.

## II.   Discussion

### A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs.,

901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The Complaint is expressly filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Here, Plaintiff purports to bring claims under the Fifth, Sixth, and Fourteenth Amendments.  (ECF No. 1 at 4.)

However, Plaintiff has not alleged facts supporting the inference that the defendants are state actors amenable to suit under § 1983.  See West, 487 U.S. at 49 ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.") (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982)); see also Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 343 (4th Cir. 2000) (stating that whether the defendants are state actors depends on, among other factors, whether the injury caused is aggravated in a unique way by the incidents of governmental authority, the extent and nature of public assistance and public benefits accorded the private actor, the extent and nature of governmental regulation over the actor, and whether the state itself regards the actor as a state actor).  Rather, the defendants are a private attorney and law firm.  That the defendants represented a state actor in the underlying civil suit does not itself

constitute state action.  See Limehouse v. Delaware, 144 F. App'x 921, 923 (3d Cir. 2005) (finding a private attorney's representation of a state defendants in a civil proceeding did not constitute state action).  Accordingly, Plaintiff fails to state a plausible claim under § 1983.

Nor is any other basis for jurisdiction apparent from the face of the Complaint.  Plaintiff lists, and his allegations suggest, several state law claims.  (ECF No. 1 at 9-11.)  However, as all parties to this action reside in South Carolina, the court does not have diversity jurisdiction over any state law claims.  See 28 U.S.C. § 1332(a) (requiring complete diversity of parties and an amount in controversy in excess of $75,000); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978) (defining complete diversity as when no party on one side is a citizen of the same state as any party on the other side).

## III.    Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

May 15, 2026                          Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).